UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:17-cv-324-T-23TBM

ABANTE ROOTER AND
PLUMBING, INC.,

Plaintiff,

v.

ADVANCED MERCHANT
SERVICES, INC.,

Defendant.
_____/

### MOTION TO DISMISS, ALTERNATIVELY FOR
### A MORE DEFINITE STATEMENT AND TO TRANSFER VENUE

Defendant, Advanced Merchant Services Inc. ("Defendant", "AMS") pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(e), 12(b)(3), and Local Rule 3.01, moves to dismiss the Complaint and alternatively for a more definite statement and to transfer venue to the Jacksonville Division and states as follows:

### INTRODUCTION

Plaintiff filed this action on or about February 9, 2017, alleging that AMS violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227, *et seq*. Without reaching the merits, Plaintiff's Complaint contains numerous spelling and formatting errors and is at pertinent parts, unintelligible and confusing (Doc. 1 generally and specifically at ¶¶ 4, 15-18). These deficiencies render some of the allegations so vague, ambiguous and confusing that AMS cannot reasonably prepare a response, particularly with regard to jurisdiction and venue. Plaintiff alleges

1

that "Venue in this District is proper…" while contemporaneously alleging that it "falls under the jurisdiction of the Southern District of Florida. (*See* Doc. 1, ¶4).

In addition to the technical defects causing ambiguity and confusion as to jurisdiction and venue, Plaintiff's TCPA claim is based upon speculation and is wholly unsupported by any factual allegations. Such a pleading is wholly improper and contrary to the holdings of *Twombly*, *Iqbal*, and their progeny. Defendant should not have to speculate as to what claims, if any, Plaintiff seeks to advance in its Complaint.  Moreover, Plaintiff must provide Defendant and the Court with proper notice of such claims supported by factual allegations, beginning with properly plead allegations of jurisdiction and venue.

Notwithstanding the foregoing, the deficiencies in Plaintiff's Complaint suggests that this action is nothing more than a hastily filed "shotgun" style lawsuit, designed to support what is likely to be a demand for a substantial settlement, based on threatened fees and costs associated with having to defend a poorly composed and improperly pled TCPA claim.  This action must therefore be dismissed, or it if be in the interest of justice, transferred to the Jacksonville Division of the United States District Court for the Middle District and amended so that Defendant can reasonably prepare a response. *See* 28 U.S.C. §1406(a), §1404.

## ARGUMENT

A.   **Federal Rule of Civil Procedure 12(b)(6) – Legal Standard**

Defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements do not suffice." *Id.* The "allegations must be enough to raise a right to relief above the speculative level." *Twombly, 127 S.Ct.* 1955, 1965. "Where a complaint pleads facts that are "merely consistent" with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.

Similarly, Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if the pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) is appropriate where a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

Here, Plaintiffs Complaint suffers from both technical and substantive defects and Plaintiffs TCPA claim is based upon speculation and is wholly unsupported by any factual allegations.

### B. Plaintiffs TCPA Claim is Based Upon Speculation and Is Wholly Unsupported By Any Factual Allegations.

The "use of an automatic telephone dialing system is a necessary element of a claim under the TCPA." *McGinity v. Tracfone Wireless, Inc.*, 2014 WL 1202950, at *3 (M.D. Fla., March 11, 2014). "To sustain a claim under the TCPA, Plaintiff must plausibly allege that defendant used an automatic telephone dialing system." *Id.* "[A] "bare allegation that a defendant used an automatic telephone dialing system is not enough." *McGinity,* 2014 WL 1202950, at *2 (quoting *Jones v. FMA Alliance Ltd.*, 2013 WL 571915, at *1(D. Mass. Oct. 17, 2013)). "Instead, well pled allegations of an ATDS "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that

3

an ATDS was used." *Gragg v. Orange Cab Co., Inc.*, 942 F.Supp.2d 1111, 1114 (W.D. Wash 2013). Courts consistently dismiss complaints filed by Plaintiffs that fall short. See *Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312, 1316 (S.D. Fla. 2012) (dismissing plaintiffs TCPA claims where he merely alleged he received "many calls from the defendant); *Speidel v. P Morgan Chase & Co.*, 2014 WL 582881 at *1 (M.D. Fla. Feb. 13, 2014) (finding plaintiffs allegations insufficient to establish the use of an ATDS where he "merely followed the language of the statute.") *McGinity*, 2014 WL 1202950, at *3 (finding "plaintiff fails to allege any facts tending to create an inference that the calls were made using an automatic telephone dialing system.").

Here, Plaintiff fails to allege any fact other than speculation that AMS used an ATDS to make the calls at issue. Instead, Plaintiff simply recites the statutory language of the TCPA. In *Foxx v. Ocwen Loan Servicing, LLC*, this Court admonished a plaintiff for filing a complaint whose language was a recitation of statutory language, "laden with typographical and grammatical errors." 2012 WL 2048252, * 3-4 (M.D. Fla. June 6, 202). Accordingly, the Court should dismiss Plaintiffs complaint, or in the alternative require Plaintiff to present a more definite statement.

### C. Plaintiff's Allegations are Ambiguous and Confusing As To Jurisdiction and Venue

Plaintiff fails to specify jurisdiction and venue allegations in a manner that provides clarity and sufficient notice to this Court and Defendant with regard to jurisdiction and venue. (Doc. 1, ¶4)

If an action is filed in the wrong division or district, the court "shall dismiss" it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, "[o]nce a court has determined that venue is improper, it must dismiss or transfer the case to the appropriate venue." *Florida Hometown Democracy, Inc. v. Browning,* No. 08-80636, 2008 WL 3540607, at *2 (S.D. Fla. Aug. 12, 2008)

4

(granting the Secretary of State's motion to dismiss action brought in the Southern District and transferring to the Northern District). "On a motion to dismiss based on improper venue, the Plaintiff has the burden of showing that the venue in the forum is proper." *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citations omitted).

Here, Plaintiff makes the conclusory allegation that venue in the United States District Court for the Middle District of Florida, Tampa Division, is proper while simultaneously alleging that venue in this District falls under the jurisdiction of the Southern District of Florida. *Id.* The ambiguity and confusion created in this allegation alone, suggests that amendment of the Complaint is necessary.

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. This statute alone does not provide a basis for venue in this Division.

Here, because of Plaintiffs pleading defects, Defendant has no way of knowing which jurisdiction and venue Plaintiff is alleging. (Doc. 1, ¶4)

      **D.**    **Defendant's Principal Place of Business is located within the Middle District, Jacksonville Division**

Defendant's principal place of business, as alleged in Plaintiff's very own Complaint, is located at 76 S Laura St. #1371, Jacksonville, FL 32202. (Doc. 1, ¶ 4). Defendant's principal place of business is located within the Jacksonville Division and venue is proper in the Jacksonville Division. Resolution of Plaintiff's claim is most appropriate in the Middle District, Jacksonville Division. Plaintiff's claim purportedly accrued in the Middle District, Jacksonville Division, so

5

any purported evidence, witnesses and employees of AMS would exist there. This action must therefore be dismissed, or it if be in the interest of justice, transferred to the Jacksonville Division of the United States District Court for the Middle District. *See* 28 U.S.C. §1406(a).

### E. The Purported Events or Omissions Giving Rise to the Claim Occurred in the Middle District, Jacksonville Division

Plaintiff's sole cause of action is an alleged TCPA violation brought by a California entity against a Jacksonville, Florida entity. [Doc. 1, ¶¶ 1,4] Therefore, Plaintiff 's very own allegations suggest that Plaintiff brought this action in the wrong venue division. *Id.*

### F. This Action May be Brought in the Middle District, Jacksonville Division

Venue in this action is appropriate in the Middle District, Jacksonville Division. Defendant's principal place of business is in the Jacksonville Division, and the purported events took place in the Jacksonville Division. Venue is therefore most proper in the Jacksonville Division and improper in the Tampa Division[1].

Further, this Court may upon motion, transfer any civil action to any other district or division where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. §1404(a), (b). If venue were to remain in the Tampa Division it would be for the sole benefit and convenience of Plaintiff's Counsel, as Plaintiff is a California entity and AMS's employees, prospective witnesses reside in Jacksonville.

### **CONCLUSION**

For the reasons above, Plaintiffs attempt to plead a claim against ACS is too deficient to withstand scrutiny and must be dismissed. Defendant's principal place of business is located

---

[1] Alternatively, change of venue is also proper under section 28 U.S.C. 1404, for the convenience of the parties and witnesses, and in the interest of justice. The locus of operative facts, location of relevant documents and ease of access to source of proof; and the minimization of the financial burden on the Defendants militate heavily in favor of venue in the Middle District, Jacksonville Division.

within the Middle District, Jacksonville Division and the purported events giving rise to Plaintiffs claim, as well as all of the evidence related to the purported claims would be located in the Middle District, Jacksonville Division. The United States District Court for the Middle District, Jacksonville Division is the proper venue for this action. This action should therefore be dismissed or, alternatively, transferred to the Middle District, Jacksonville Division. 28 U.S.C. §§ 1406(a), 1404.

WHEREFORE, Defendant respectfully requests that the Court dismiss this action for failure to state a claim upon which relief may be granted, to transfer the case to the United States District Court for the Middle District, Jacksonville Division and for such other relief as this Court deems just and proper.

Respectfully submitted this 9th day of March, 2017.

                */s/ Salvatore A. Palmeri*
                Fla. Bar. No. 64418
                **Bataineh Palmeri LLP**
                1200 Riverplace Boulevard, Suite 705
                Jacksonville, FL 32207
                (904) 683-2561 Tel.
                (904) 683-2635 Fax
                Florida Bar No.: 0064418
                spalmeri@batainehlaw.com
                pleadings@batainehlaw.com

                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed in the Court's CM/ECF System this 9th day of March, 2017, and thereby served upon all counsel of record.

                */s/ Salvatore A. Palmeri*
                Attorney